Troy MCNEIL, Petitioner—Appellant,

v.

R.A. CASTRO, Warden, Respondent—
Appellee.

No. 02–55414.

D.C. No. CV–01–04907–GLT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Oct. 22, 2003.

Lisa M. Bassis, Los Angeles, CA, Troy McNeil, Susanville, CA, for Petitioner—Appellant.

Donald E. Denicola and Susan Kim, DAG, AGCA—Office of the California, Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before RYMER and TALLMAN,
Circuit Judges, and LEIGHTON,* District Judge.

## MEMORANDUM**

Federal prisoner Troy McNeil appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction. We review the district court's dismissal of a petition for habeas corpus de novo. *Williams v. Taylor*, 529 U.S. 362, 384, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). We affirm.

■ McNeil claims that an ex parte communication between the judge and a juror during sentencing deliberations violated his Sixth Amendment right to counsel. McNeil's argument that an ex parte communication is a structural constitutional error requiring automatic reversal is foreclosed by the Supreme Court's decision in *Rushen v. Spain*, 464 U.S. 114, 117–19, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983) (holding that absent a showing of actual prejudice, an ex parte communica-

---

* Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion between a judge and juror does not require automatic reversal and is subject to the harmless error analysis).[1] Because the Supreme Court has never held that an ex parte communication is a structural error, such a ruling is not dictated by Supreme Court precedent. Were we to adopt it now such a ruling would be barred by *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Moreover, the California Court of Appeal's ruling that the ex parte communication in McNeil's case was a trial error subject to harmless error analysis is not contrary to any clearly established Supreme Court precedent; therefore it fails the AEDPA test as well. *See* 28 U.S.C. § 2254(d)(1).

 Assuming that error occurred, McNeil next argues that the state court improperly considered the strength of the evidence in determining whether the error was harmless. In a habeas proceeding, a federal court reviewing a trial error applies a deferential harmless error standard, in which it inquires whether, "in light of the record as a whole," the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Contrary to McNeil's contention, the California Court of Appeal's decision was not contrary to, or an unreasonable application of clearly established federal law. Given that the substance of the conversation was disclosed to counsel, who was given an opportunity to question the juror or clarify any misunderstanding, the absence of anything in the record to suggest that the jury's verdict was biased, the fact that the communication did not contain a misstate-

ment of law, and the overwhelming unrebutted testimony regarding McNeil's prior convictions, we hold that the error did not exert a "substantial or injurious effect or influence" on the jury's verdict.

Because the California Court of Appeal properly applied the harmless error analysis, we conclude that there was no AEDPA violation. *See* 28 U.S.C. § 2254(d)(1) & (2).

**AFFIRMED.**

---

1. We will not address the state's argument that the ex parte communication is not a constitutional error because the state conceded this issue through the direct appeal and the prior habeas proceedings. *Wildman v. Johnson,* 261 F.3d 832, 840 (9th Cir.2001) (noting that an appellate court generally does

not consider any habeas issue raised on appeal that was not raised in the state court or the federal district court) (citation omitted).

